IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00685-BNB

JUSTIN JOSEPH RUEB,

    Applicant,

v.

CALIFORNIA DEPT. OF CORRECTIONS,
LARRY REID (Warden), and
THE ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,

    Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 17 2007

GREGORY C. LANGHAM
CLERK

ORDER FOR APPLICANT TO FILE AMENDED APPLICATION

Applicant, Justin Joseph Rueb, is a prisoner in the custody of the Colorado Department of Corrections (Colorado DOC) who currently is incarcerated at Colorado State Penitentiary in Cañon City. He submitted *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (2006) challenging the execution of his 1998 California sentence, and a supporting brief. He also submitted a motion for a temporary restraining order and a preliminary injunction and a supporting brief. He paid the $5.00 filing fee.

The Court must construe the habeas corpus application liberally because Mr. Rueb is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Rueb will be ordered to submit an amended application.

Mr. Rueb has used the Court-approved form for filing an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. However, it appears to the Court that Mr. Rueb is not challenging both the validity of his convictions and sentences, which is the purpose of a § 2254 action, but rather is challenging the execution of those sentences, which is the purpose of a 28 U.S.C. § 2241 (1994) action. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). As his sole claim, Mr. Rueb complains that the state of California is not running his California sentence concurrent with his Colorado sentences. To the extent Mr. Rueb is challenging the execution of his sentences, he may do so by filing a habeas corpus action pursuant to § 2241. Therefore, Mr. Rueb will be directed to file an amended application on the Court-approved § 2241 form.

In addition, Mr. Rueb's application fails to comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); ***Browder v. Director, Dep't of Corrections***, 434 U.S. 257, 269 (1978); ***Ewing v. Rodgers***, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(e)(1) provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

2

Mr. Rueb's application is vague. The application refers to Mr. Rueb's supporting brief, upon which he relies to explain the history of this case. The supporting brief is disorganized and confusing. Rather than explaining succinctly his claim and the history of the instant action, Mr. Rueb apparently expects the Court to piece together his chaotic allegations. That is not the Court's job. It is Mr. Rueb's responsibility to edit and organize his claims and supporting allegations into a manageable format. Neither Respondents nor the Court is required to do this work for him.

Nonetheless, the Court has attempted to weave together Mr. Rueb's allegations and various in-state and out-of-state convictions in a methodical and chronological order that makes sense. In the amended application he will be directed to file, Mr. Rueb is responsible for supplying the missing information in a manner is that concise and easy to understand. In addition, Mr. Rueb is directed to attach copies, if available, of any orders entered in his Colorado and California cases.

Mr. Rueb alleges that in March 1994 he was sentenced to six years in the California Department of Corrections (California DOC) on burglary charges. He served two and one-half years and was released on parole on June 5, 1996. He alleges that he violated his parole by coming to Colorado, and on September 4, 1996, was arrested and charged in Colorado with two counts of assault on a peace officer.

On July 31, 1997, Mr. Rueb pleaded guilty to second-degree assault on a peace officer in Adams County, Colorado, District Court Case No. 96CR2164. He was sentenced to five years of incarceration and to three years of parole, to be served consecutive to his California sentence. He was convicted on burglary charges in Jefferson, County, Colorado District Court Case 97CR652, and on August 7, 1997, was

3

sentenced to twelve years in prison to be served concurrently with his Adams County sentence and consecutive to his California sentence.

He alleges that he pleaded guilty to robbery and escape in Superior Court of San Bernardino County, California, Case Nos. FVA-06241 and FVA-015030 respectively, and on December 19, 1998, was sentenced to twenty-two years on the robbery charge and to six years on the escape charge, to be served consecutively. He alleges that he did not appeal directly from the judgment of conviction. On April 15, 1999, the California DOC lodged a detainer against him with the DOC on the robbery and escape convictions. He asserts that in December 2001 he filed a postconviction habeas corpus application in the San Bernardino County Superior Court raising claims that he had ineffective assistance of counsel and that his guilty plea was coerced. The application was denied in December 2001. He fails to allege the exact dates when the application was filed and denied, and the reason or reasons the application was denied. He alleges that in March 2002 the superior court decision was affirmed on appeal. Certiorari review was denied on August 28, 2002. Since he did not raise in his postconviction habeas corpus application the claim he asserts in the instant action, he does not appear to have exhausted in the state courts the claim he is raising here.

Apparently, the original 1997 Adams County sentence was vacated because on October 20, 2003, he was sentenced in the same Adams County District Court Case No. 96CR2164 to twelve years of imprisonment, to be served consecutive to the Jefferson County sentence and concurrent with his California sentence.

Mr. Rueb alleges that he filed a petition for a writ of mandamus in the El Paso County, Colorado, District Court Case No. 04CV1548, because Colorado DOC

4

headquarters are located in El Paso County. On December 22, 2004, Mr. Rueb appeared in the El Paso County District Court in a telephone hearing on the mandamus action before the Honorable Richard V. Hall. According to a transcript of the hearing, on December 23, 2004, the court ordered the defendants to transfer Mr. Rueb to the California DOC so that he could serve his California sentence, required the DOC to give Mr. Rueb credit against his Adams County sentences for the time he is serving in California, retained jurisdiction over Mr. Rueb to insure his transfer back to Colorado to serve any unexpired time on his Jefferson County sentence, and directed the transfer to occur within thirty days.

On January 3, 2005, the El Paso County District Court ordered Mr. Rueb transferred to the California Department of Corrections by January 22, 2005. On January 10, 2005, the Colorado attorney general filed a motion for stay of the order to transfer Mr. Rueb to the California DOC. Mr. Rueb only attaches page one to the brief so the Court is unable to ascertain the contents of the motion. Mr. Rueb also fails to attach a copy of the El Paso County District Court order on the motion. However, on April 4, 2005, the district court entered an order in No. 04CV1548 denying a motion for contempt filed by Mr. Rueb. In the order, the district court noted that it had been advised in writing by a representative from the California DOC that Mr. Rueb would receive appropriate credit from California, even if he is housed in Colorado, once the one consecutive sentence is completed. Mr. Rueb fails to make clear if the one consecutive sentence to be completed in order for him to receive appropriate credit from California is the October 20, 2003, Adams County sentence to be served consecutive to the Jefferson County sentence.

Somewhere on or after January 17, 2007, Monique Shepherd, a correctional case records supervisor for the California DOC, filed an affidavit in El Paso County District Court Case No. 04CV1548 in response to Judge Hall's December 23, 2004, order. In the affidavit, Ms. Shepherd references Mr. Rueb's December 19, 1998, sentence in the Superior Court of San Bernardino County, California. She points out that pursuant to California law, Mr. Rueb's December 19, 1998, California sentence will run consecutive to any sentences from Colorado that were active on or before his California prison sentence was imposed.

Mr. Rueb will be given an opportunity to file an amended application. In the amended application, he is to clarify the information pertinent to the execution of his sentences discussed in this order. In addition, Mr. Rueb also must demonstrate that he has exhausted his state remedies before he may raise his claim in federal court. **See Montez v. McKinna**, 208 F.3d 862, 866 (10th Cir. 2000). Accordingly, it is

ORDERED that Applicant Justin Joseph Rueb file **within thirty (30) days from the date of this order** an amended habeas corpus application that complies with the directives in this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Rueb, together with a copy of this order, one copy of the following form for use in filing the amended application: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. It is

FURTHER ORDERED that the amended application shall be titled "Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241" and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado,

Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, Room A105, Denver, Colorado 80294-3589, **within thirty (30) days from the date of this order**. It is

FURTHER ORDERED that if Ms. Rueb fails to file an amended application as directed **within thirty (30) days from the date of this order**, the application will be denied and the action dismissed without further notice.

DATED April 17, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-00685-BNB

Justin Joseph Rueb
Prisoner No. 94567
CSP – Unit A6-17
PO Box 777
Cañon City, CO 81215-0777

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** to the above-named individuals on 4/17/07.

GREGORY C. LANGHAM, CLERK

By: _____
         Deputy Clerk