IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
· ·\·    ·`·\·.·)·?·A·`·O

APR 2 6 2007

GREGORY C. LANGHAM
                CLERK

Civil Action No. 07-cv-00685-BNB

JUSTIN JOSEPH RUEB,

Applicant,

v.

CALIFORNIA DEPT. OF CORRECTIONS,
LARRY REID (Warden), and
THE ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,

Respondents.

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER
AND FOR PRELIMINARY INJUNCTION

Applicant Justin Joseph Rueb is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at Colorado State Penitentiary in Cañon City. He submitted *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (2006) challenging the execution of his 1998 California sentence, and a supporting brief. He also submitted a motion for a temporary restraining order and a preliminary injunction and a supporting brief. He paid the $5.00 filing fee.

The Court must construe liberally the motion for a temporary restraining order and a preliminary injunction and the supporting brief because Mr. Rueb is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the motion for a temporary restraining order and a preliminary injunction will be denied.

Mr. Rueb complains that the state of California is not running his California sentence concurrent with his Colorado sentences. He asks this Court to order his transfer to the California Department of Corrections so that he may begin serving his sentences concurrently. A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury to him outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). Mr. Rueb fails to allege any facts that demonstrate he is facing immediate and irreparable injury. Similarly, a party seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result unless a temporary restraining order is issued. *See* Fed. R. Civ. P. 65(b). Therefore, the motion for a temporary restraining order and a preliminary injunction will be denied. Accordingly, it is

ORDERED that the motion for a temporary restraining order and preliminary injunction submitted by Applicant Justin Joseph Rueb and filed with the Court on March 28, 2007, is denied.

DATED at Denver, Colorado, this 25 day of April , 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-00685-BNB

Justin Joseph Rueb
Prisoner No. 94567
CSP – Unit A6-17
PO Box 777
Cañon City, CO 81215-0777

    I hereby certify that I have mailed a copy of the   **ORDER** to the above-named individuals on 4/26/07.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk